UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:16-cv-08085-SVW-MRW | Date | December 22, 2017 |
|---|---|---|---|
| Title | *Jennifer Botelho v. Technological Medical Advancements LLC* | | |

Present: The Honorable   STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:**   DENYING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION [41]

## I.   INTRODUCTION

Plaintiff Jennifer Botelho, who conducts business as the Chiropractic Center of Los Angeles, filed this putative class action on October 31, 2016, alleging that Defendant Technological Medical Advancements L.L.C. sent unsolicited fax advertisements in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. 227. Dkt. No.1.

Pending before the Court is Plaintiffs' motion for certification of the following nationwide class: "[a]ll persons in the United States who, (1) from October 31, 2012 through the present, (2) were sent an unsolicited telephone facsimile message from Defendant substantially similar to the faxes sent to Plaintiff … (3) where Defendant acquired the recipient's fax number from the Stack Creations "Contact List", (4) and where the faxes were sent using the same equipment that was used to transmit the faxes to Plaintiff."

Dkt. No. 41. The Court has carefully considered the arguments presented by the and the Court DENIES Plaintiff's motion for class certification.

## II.   CLASS CERTIFICATION STANDARD

Federal Rule of Civil Procedure 23 governs class actions, including class certification. A plaintiff "bears the burden of demonstrating that she has met each of the four requirements of Rule 23(a) and at least one of the requirements of Rule 23(b)." *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1186 (9th Cir.); *see also Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011) ("A party seeking class certification must affirmatively demonstrate [her] compliance with the Rule.").

:

Initials of Preparer

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:16-cv-08085-SVW-MRW | Date | December 22, 2017 |
| Title | *Jennifer Botelho v. Technological Medical Advancements LLC* | | |

Under Rule 23(a), a district court may certify a class only if: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). That is, the class must satisfy the requirements of numerosity, commonality, typicality, and adequacy of representation to maintain a class action. *Mazza v. Am. Honda Motor Co., Inc.*, 666 F.3d 581, 588 (9th Cir. 2012).

If the four prerequisites of Rule 23(a) are met, a court also must find that the plaintiff "satisf[ies] through evidentiary proof" one of Rule 23(b)'s subsections. *Comcast Corp. v. Behrend*, 133 S. Ct. 1426, 1432 (2013). Plaintiff asserts that she can meet the requirements of both Rule 23(b)(2) and 23(b)(3). Rule 23(b)(2) provides for certification where "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). Rule 23(b)(3) applies where there is predominance and superiority. Under Rule 23(b)(3), the Plaintiff must show that "questions of law or fact common to class members predominate over any questions affecting only individual members, and ... a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Even if Plaintiff could meet the requirements of Rule 23(a), Plaintiff cannot meet the requirements of any portion of Rule 23(b).

### III.   DISCUSSION

The Complaint alleges that Defendants violated the TCPA by sending unsolicited fax advertisements about its Diowave laser to medical professionals. The TCPA provides that "it shall be unlawful for any person: . . . (C) to use any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement, unless—

  (i) the unsolicited advertisement is from a sender with an established business relationship with the recipient;

  (ii) the sender obtained the number of the telephone facsimile machine through—

    (I) the voluntary communication of such number, within the context of such established business relationship, from the recipient of the unsolicited advertisement, or

    (II) a directory, advertisement, or site on the Internet to which the recipient voluntarily agreed to make available its facsimile number for public distribution,

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-08085-SVW-MRW | Date | December 22, 2017 |
|---|---|---|---|
| Title | *Jennifer Botelho v. Technological Medical Advancements LLC* | | |

except that this clause shall not apply in the case of an unsolicited advertisement that is sent based on an established business relationship with the recipient that was in existence before July 9, 2005, if the sender possessed the facsimile machine number of the recipient before July 9, 2005; and

(iii) the unsolicited advertisement contains a notice meeting the requirements under paragraph (2)(D), except that the exception under clauses (i) and (ii) shall not apply with respect to an unsolicited advertisement sent to a telephone facsimile machine by a sender to whom a request has been made not to send future unsolicited advertisements to such telephone facsimile machine that complies with the requirements under paragraph (2)(E).

47 U.S.C. § 227(b)(1)(C). The statute defines "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." *Id.* § 227(a)(5). Here, Plaintiff attempts to meet either Rule 23(b)(2) and Rule 23(b)(3). Dkt. 41-1, p. 6. However, Plaintiffs' motion for class certification fails on both grounds.

        **A.**      **No Class Certification under Rule 23(b)(2)**

Rule 23(b)(2) provides for certification where "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). Plaintiffs' attempt to certify the class under Rule 23(b)(2) fails because the TCPA provides for individualized monetary damages to class members. "Rule 23(b)(2) does not authorize class certification when each class member would be entitled to an individualized award of monetary damages." *Dukes*, 131 S.Ct. at 2557.

In *True Health Chiropractic Inc. v. McKesson Corporation*, 2016 WL 8925144 (N.D. Cal. Aug. 22, 2016), the Court held that plaintiff's attempt to certify a class under Rule 23(b)(2) must fail when each individual class member could receive an individualized, monetary award. *Id.*[1] Here, Plaintiffs explicitly seek individualized monetary relief in the complaint. Dkt. 1, P. 15. Thus, under *Dukes*, Rule 23(b)(2) certification is impermissible.[2]

---

[1] The Ninth Circuit has affirmed the district court's provisional certification of a Rule 23(b)(2) class under the TCPA in *Meyer v. Portfolio Recovery Associates, LLC*, 707 F.3d 1036 (9th Cir. 2012); however, the class certification was only viable under the TCPA because the Plaintiffs sought injunctive relief and no monetary damages.

[2] Several other district courts have considered *Dukes* in the context of a TCPA claim and held that individual, monetary awards foreclose the certification of a 23(b)(2) class. *See Connelly v. Hilton Grand Vacations Co., LLC*, 294 F.R.D. 574, 579 (S.D. Cal. 2013) (holding the availability of statutory damages renders "Plaintiffs' TCPA claims . . . ineligible for Rule 23(b)(2) certification" (citing *Dukes*, 131 S.Ct. at 2557)); *Balschmiter v. TD Auto Fin. LLC*, 303 F.R.D. 508, 516 (E.D. Wis. 2014)

                                                                                                           :

Initials of Preparer        PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-08085-SVW-MRW | Date | December 22, 2017 |
|---|---|---|---|
| Title | *Jennifer Botelho v. Technological Medical Advancements LLC* | | |

Given that each plaintiff is independently entitled to statutory damages under the TCPA, and that Plaintiffs expressly seek "actual monetary loss from such violations or the sum of five hundred dollars ($500.00) for each violation," the Court finds certification under Rule 23(b)(2) impermissible.

**B.     No Class Certification under Rule 23(b)(3)**

Rule 23(b)(3) requires a showing that "questions of law or fact common to class members predominate over any questions affecting only individual members." *Amgen, Inc. v. Connecticut Ret. Plans & Tr. Funds*, 133 S.Ct. 1184, 1209–10 (2013). The predominance inquiry "tests whether [the] proposed classes are sufficiently cohesive to warrant adjudication by representation" and "trains on the legal or factual questions that qualify each class member's case as a genuine controversy." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623 (1997). Predominance "focuses on the relationship between the common and individual issues" of the class. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1022 (9th Cir. 1998); *see also Simon v. Healthways, Inc.*, 2015 WL 10015953, at *4 (C.D. Cal. Dec. 17, 2015).

Here, Plaintiff proposes three common questions in the case that that she claims would predominate over any perceived individualized issues: (1) whether TMA's acquisition of the contact list from Stack Creations is sufficient to constitute prior express permission or invitation; (2) whether TMA's failure to include any opt-out language somehow meets the statutory requirements regarding opt-out notices; and (3) whether TMA's violations were willful. Dkt. 41-1.

The Court finds that Plaintiff cannot establish predominance because individual issues regarding prior express permission predominate over any common issues of fact, including the common issues provided by the Plaintiff. *See Vandervort v. Balboa Capital Corp.*, 287 F.R.D. 554, 562 (C.D. Cal. 2012) (finding predominance is satisfied in the TCPA context only if the inquiry is limited to the opt-out notice on the faxes and trial does not require determining whether each class member). Here, Defendant entered into an agreement with Stack Creations to purchase the contact list, which Defendant contends was an opt-in and permission-based list containing the complete business information of 490,000 physicians, 23,100 veterinarians, and 28,400 chiropractors. According to Plaintiff, the contact list at issue contained seven entries with Plaintiff's fax number, one entry naming her specifically and six entries for a person named Paul Weber, the prior owner of Plaintiff's chiropractor practice. Dkt. 41-1, p.11. Plaintiff does not provide any evidence to suggest that Paul Weber did not opt-in prior to Plaintiff purchasing the practice. Nor does Plaintiff allege any facts that any of the other "490,000 physicians, 23,100 veterinarians, and 28,400 chiropractors" did not give express permission to have their fax numbers included on the list.

---

("[P]ermitting certification under Rule 23(b)(2) in TCPA cases would impermissibly allow the monetary tail to wag[ ] the injunction dog." (citing *Dukes*, 131 S.Ct. at 2557)); *Abdeljalil v. Gen. Elec. Capital Corp.*, 306 F.R.D. 303 (S.D. Cal. 2015) (same).

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:16-cv-08085-SVW-MRW | Date | December 22, 2017 |
| Title | *Jennifer Botelho v. Technological Medical Advancements LLC* | | |

Plaintiff provides this Court with no declarations from any other physicians, veterinarians, or chiropractors to support its argument.

The question of prior express permission is unique to each Plaintiff and the Court would have to make detailed factual inquiries regarding whether each fax recipient granted prior express permission. Certification under 23(b)(3) is not feasible as the individual question—not the common questions--predominate.

### IV. CONCLUSION

The Court DENIES Plaintiff's motion for class certification without prejudice.

|  | : |
|---|---|
| Initials of Preparer | PMC |